UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPT.,<br><br>    Defendants. | Case No.: 1:12-cv-01999 – JLT (PC)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN THIS MATTER TO A UNITED STATES DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE CASE FOR FAILURE TO PROSECUTE<br><br>(Doc. 1). |

Plaintiff Rafael Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 7). Plaintiff has not consented to proceed before a Magistrate Judge and this matter has not been assigned to a District Court Judge. On January 15, 2013, the Court issued a second order requiring Plaintiff to submit his consent to proceed before the Magistrate Judge request a reassignment. (Doc. 8). On that same date, the Clerk of the Court mailed the order to the address Plaintiff provided to the Court, but the order was returned by the United States Postal Services as undeliverable on January 25, 2013.

Fed. R. Civ. P. 83 and Local Rule 182(f) impose a continuing duty on a party appearing pro se to notify the Clerk of the Court and any parties to this matter of any changes in address as they occur. After the Clerk mails an order or other document to the pro se party and the USPS returns the

1

document as undeliverable, a plaintiff is given 63 days after the return date in which to notify the Court and the opposing parties of his or her new address. Local Rule 183(b).  The Court may dismiss the matter without prejudice for failure to prosecute after the lapse of the 63-day period. Id.  In the instant case, Plaintiff was required to notify the Court of his change of address on or before April 4, 2013.  Plaintiff has not notified the Court of his current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since December 6, 2012. (Doc. 1).  This case cannot be held in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address.

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits.  Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address.  Therefore, it is recommended that this matter be **DISMISSED without prejudice** for failure to prosecute.

**ORDER**

For the foregoing reasons, the Clerk of the Court is **DIRECTED** to assign this case to a United States District Judge.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, the Magistrate Judge hereby **RECOMMENDS** as follows:

1. That this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute; and

2. That these findings and recommendations are submitted to the United States

1 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
2 thirty days after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties.  Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall
5 be served and filed within ten days after service of the objections.  The parties are advised that failure
6 to file objections within the specified time may waive the right to appeal the District Court's order.
7 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9 IT IS SO ORDERED.

10   Dated:   **April 9, 2013**                              **/s/ Jennifer L. Thurston**
11                                                                        UNITED STATES MAGISTRATE JUDGE

3